**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1192-24

IN RE ESTATE OF
ROSEANNE DYEVICH.

_____

Submitted April 16, 2026 – Decided July 22, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. P-000452-21.

Kevin Dyevich, self-represented appellant.

Lewis & Forrey LLC, attorneys for respondents Thomas Dyevich, James Dyevich, and Michael Dyevich (David T. Lewis, on the brief).

PER CURIAM

Kevin Dyevich,[1] executor of the estate of Roseanne Dyevich, appeals from a November 19, 2024 Probate Part order denying without prejudice his motion to vacate a September 4, 2024 final arbitration judgment. We affirm.

---

[1] Because the parties share a common surname, we refer to them by their first names. No disrespect is intended.

We write primarily for the parties, who are familiar with the facts and procedural history of this appeal, and limit our discussion to the facts necessary to provide context to our decision. Nicholas Dyevich and his wife Roseanne had four sons: Kevin, plaintiff in this matter; and James Dyevich, Thomas Dyevich, and Michael Dyevich, defendants in this matter. Following Nicholas's death in 2015 and Roseanne's death in 2019, the four sons, along with Ketevan Aptsiauri and Jefferson Holdings, Inc., were engaged in litigation regarding the estate, the disposition of the parents' real property, and Roseanne's incapacity.

The parties in the six pending matters agreed to binding arbitration to address outstanding issues regarding: whether James acted properly in his capacity as executor of Nicholas's estate and as guardian of Roseanne and, if not, whether he should be removed; whether James improperly diverted funds; whether Kevin should be appointed to replace James and provide a final accounting; whether Kevin improperly diverted funds; and whether expenses were incurred by the estate based on Kevin's improper actions. If any monies were due by any party, the arbitrator was to determine how much was owed and the form of judgment. The resulting final arbitration judgment, which was supported by a comprehensive written opinion, addressed these issues.

2

Plaintiff subsequently moved to vacate the arbitration award. He contended defendants: breached the arbitration agreement by failing to pay the accounting firm, which then refused to perform additional work; and intentionally destroyed financial records, preventing plaintiff from obtaining records more than seven years old. Plaintiff alleged these misdeeds led to an inaccurate accounting analysis with a shortfall of almost $190,000. He further contended defendants refused to pay the arbitrator's fee, so he paid the $15,000 outstanding balance and was therefore entitled to reimbursement.

Plaintiff also alleged that after Nicholas and Roseanne appointed him their power of attorney, living will representative, and estate executor, James fraudulently appointed himself power of attorney for them. James then conspired with Thomas and Michael to move Nicholas and Roseanne into a nursing home, sell their personal property, and steal their checkbook. Plaintiff claimed James did not have the authority to make medical or health care decisions for Roseanne, and therefore he owed the estate $345,000 in nursing home fees.

During argument on the motion, the judge explained to plaintiff an arbitration award may only be vacated for the six reasons set forth in N.J.S.A. 2A:23B-23(a), or it may be modified or corrected for the three reasons set forth

in N.J.S.A. 2A:23B-24(a). Because plaintiff's application failed to cite the statute or any case law, the judge asked him to clarify the relief he requested and the grounds on which he sought relief. Plaintiff acknowledged there was no miscalculation in the award, so N.J.S.A. 2A:23B-24(a) was inapplicable. Instead, plaintiff sought to vacate the award based on defendants' conduct, as alleged in his application. The judge denied the motion, finding it failed to establish grounds to vacate the award under N.J.S.A. 2A:23B-23(a).

We "review the trial court's decision on a motion to vacate an arbitration award de novo." Yarborough v. State Operated Sch. Dist. of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018). "Private sector arbitration awards are . . . subjected to an extraordinarily deferential standard of review." Rappaport v. Pasternak, 260 N.J. 230, 250 (2025). They "may not be vacated or modified simply because a court disagrees with the arbitrator's interpretation of the law or view of the facts." Id. at 250-51. Rather, an award must be affirmed unless:

> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused

4

to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4) an arbitrator exceeded the arbitrator's powers;

(5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to [N.J.S.A. 2A:23B-15(c)] not later than the beginning of the arbitration hearing; or

(6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in [N.J.S.A. 2A:23B-9] so as to substantially prejudice the rights of a party to the arbitration proceeding.

[N.J.S.A. 2A:23B-23(a).]

On appeal, plaintiff urges us to vacate the arbitration award because it was procured by fraud and undue means. In support of this argument, plaintiff contends, for the first time, defendants committed fraud by "manually doctoring photographs of . . . Roseanne . . . before and after being in [plaintiff]'s care with the intent to coerce and influence the arbitrator." He also claims defendants failed to provide the arbitrator with a medical evaluation regarding Roseanne's preference to live with plaintiff, which would have negatively impacted their credibility.

A-1192-24

In addition to this newly minted argument, plaintiff again points to defendants' bad conduct, which was considered by the arbitrator and addressed in the award. He argues James, as Roseanne's guardian, had a legal duty to account for her assets but did not do so. He seeks appointment as executor of Roseanne's estate, since James misappropriated and mishandled her money, which led to James's unjust enrichment.

Plaintiff did not raise any of these issues before the motion judge and instead argues them for the first time on appeal. We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Neither circumstance is present in this matter.

Even if we considered these arguments, they fail to establish grounds to vacate the arbitrator's award under N.J.S.A. 2A:23B-23(a). Plaintiff's motion was based on his claims of fraud, corruption, and wrongdoing on the part of defendants, which misapprehends the statute as authorizing vacatur based on a party's actions. However, an arbitration award "may be vacated only for fraud, corruption, or similar wrongdoing on the part of the arbitrators." Rappaport, 260 N.J. at 249 (quoting Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129

N.J. 479, 548 (1992) (Wilentz, C.J., concurring)).  Plaintiff does not contend the arbitrator engaged in fraud, corruption, or any wrongdoing, nor does the record support any such allegation.  Thus, consistent with the trial court's determination, we discern no basis on which to vacate the arbitration award.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1192-24